UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HEIZELMAN,<br>BOP #20068-298,<br><br>                          Plaintiff,<br><br>vs.<br><br>JOHN DOE C/Os;<br>CARLOS HERNANDEZ,<br><br>                          Defendants. | Civil No.   12cv2464 AJB (DHB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISPUTE DISMISSAL AND FOR RECONSIDERATION**<br><br>**[ECF No. 5]** |

**I.     PROCEDURAL HISTORY**

On October 10, 2012, Plaintiff, Robert Heizelman, a federal prisoner incarcerated at the Metropolitan Correctional Center (MCC) in San Diego, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.

Plaintiff did not prepay the $350 filing fee required to commence a civil action; therefore, on October 16, 2012, the Court dismissed the action pursuant to 28 U.S.C. § 1914(a), noting that while it "would ordinarily grant [Plaintiff] leave to file a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)," he is "no longer entitled to that privilege" because he has filed, while incarcerated, three prior civil actions which were dismissed as frivolous, malicious, or for failing to state a claim.  *See* Oct. 16, 2012 Order [ECF No. 2] at 2, 4-5 (citing 28 U.S.C. § 1915(g)).

1    In response, on October 29, 2012, Plaintiff filed a document entitled "Motion to Dispute Dismissal of 1983" which the Court construes as a Motion for Reconsideration of its October 16, 2012 Order [ECF No. 5]. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints."); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (court must construe civil rights cases filed in pro se liberally "and must afford plaintiff the benefit of any doubt; *Christensen v. CIR*, 786 F.2d 1382, 1384 (9th Cir. 1986) (liberally construing pro se taxpayer's motion to "place statements in the record" as a motion for leave to amend).

As the Court noted in its October 16, 2012 Order, the Prison Litigation Reform Act precludes a prisoner from proceeding *IFP* if:

> . . . the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*

After reviewing Plaintiff's litigation history, this Court took judicial notice of three "strikes" Plaintiff accumulated pursuant to 28 U.S.C. § 1915(g) prior to the filing of this action. *See* Oct. 16, 2012 Order (ECF No. 2) at 4.[1] Moreover, the Court noted Plaintiff's pleading contained no "plausible allegation" to suggest he "faced 'imminent danger of serious physical

---

[1] Plaintiff's three prior "strikes" are: 1) *Heizelman v. Martin, et al.*, Civil Case No. 1:07-cv-00288-EJL (D. Idaho Dec. 11, 2007 Initial Review Order dismissing complaint for failing to state cognizable constitutional claims pursuant to 28 U.S.C. § 1915(e)(2)(B) [ECF No. 5]); (March 19, 2009 Order granting Motion to amend and dismissing amended complaint) [ECF No. 7]) (strike one); 2) *Heizelman v. Richardson, et al.*, Civil Case No. 1:09-cv-00182-BLW (D. Idaho Oct. 16, 2009 Initial Review Order dismissing complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [ECF No. 10]; (May 24, 2010 Order dismissing case [ECF No. 14]) (strike two); and 3) *Heizelman, et al., v. Durham, et al.*, Civil Case No. 3:10-cv-01560-BTM (WMc) (S.D. Cal. Sept. 20, 2010 Order sua sponte dismissing Complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) [Doc. No. 14]) (strike three).

injury' at the time of filing." *Id.* (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (hereafter "*Cervantes*"). Therefore, the Court found Plaintiff ineligible to proceed IFP pursuant to U.S.C. § 1915(g), and notified him that if he wished to pursue his claims, "he must commence a new and separate civil action ... accompanied by the $350 filing fee required by 28 U.S.C. § 1914(a)." *Id.* at 4-5 n.2.

## II.  PLAINTIFF'S MOTION

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, the Court may reconsider matters previously decided under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that a ruling may be re-considered under Rule 59(e) motion where it involves "'matters properly encompassed in a [previous] decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), however, reconsideration is appropriate only if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

In his Motion, Plaintiff claims "none of [his] prior cases has ever been dismissed for [the] reasons ... state[d]." (Pl.'s Mot. [ECF No. 5] at 1.) Plaintiff provides no proof and alleges no further facts, however, which might suggest the judicial record of his federal filing history is in anyway flawed or unreliable. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2005) (court "may take judicial notice of court filings and other matters of public record."). Plaintiff then repeats the same allegations made in his Complaint: that this Court and other federal judges have entered into a vast conspiracy to "conceal the truth" about felonies and murders in Idaho, as well as "insurance fraud by crooked cops and D.A.s" which have been going on for "13 long years." (*Id.* at 2-4.)

However, Plaintiff also refers to "violence [which] was done to [him]," and pictures of injuries he sustained "because of Marshals" which were "in front of Judge Huff at a hearing."

(*Id.* at 4.)[2] No such allegations of violence by any person named as a Defendant in this action, however, were decipherable in Plaintiff's Complaint–and nothing in either his Complaint or his current Motion reveal any plausible allegations of serious physical injury *at the time his Complaint was filed*. *See School Dist. No. 1J*, 5 F.3d at 1263; *cf. Cervantes*, 493 F.3d at 1055 (exception to § 1915(g) satisfied by claim that defendants' failure to screen and segregate inmates with HIV and hepatitis C "put [plaintiff] at risk of contracting" those diseases, which "raise[d] the specter of serious physical injury ... [because] [t]hese diseases quite obviously cause serious health problems, and [could] result in death."); *see also Sierra v. Woodford*, 2010 WL 1657493 at *3 (E.D. Cal. April 23, 2010) (unpub.) (finding "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm" failed to "articulate specific facts indicating that any of the named defendants [were] subjecting plaintiff to imminent danger from a particular harm"); *Marshall v. Florida Dept. of Corrections*, 2009 WL 1873745 at *1 (N.D. Fla. June 27, 2009) (unpub.) (finding "vague and non-specific threats and 'danger' at the hands of correctional officers" insufficient to meet § 1915(g)'s "imminent danger of serious physical injury" exception).

Therefore, nothing in Plaintiff's Motion indicates that if he were to seek *in forma pauperis* status pursuant to 28 U.S.C. § 1915(a), that he would be entitled to that privilege because he is exempted by 28 U.S.C. § 1915(g)'s "imminent danger" exception. *See Cervantes*, 493 F.3d at 1053 ("[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

In sum, this Court finds that because Plaintiff's Motion points to no newly discovered evidence, fails to show clear error or a manifestly unjust decision, and does not identify any intervening changes in controlling law demanding a different result, reconsideration is not warranted. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("[A] motion for reconsideration should not be granted, absent highly unusual

---

[2] The Court took judicial notice of Plaintiff's ongoing criminal proceedings before Judge Huff in *United States v. Heizelman*, S.D. Cal. Criminal Case No. 3:10-cr-02417-H-1 in its October 16, 2012 Order (ECF No. 2 at 1 n.1), but it was, and remains, unclear whether or to what extent this civil action is related to his criminal case.

I:\Chambers Battaglia\DJ CASES\2 Orders to be filed\12cv2464-reconsider-1915(g).wpd    -4-    12cv2464 AJB (DHB)

circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.").

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court DENIES Plaintiff's Motion for Reconsideration, captioned as a Motion to Dispute Dismissal of 1983 [ECF No. 5], and re-affirms its dismissal of this civil action without prejudice for failure to pay the $350 filing fee required by 28 U.S.C. § 1914(a).

Moreover, the Court again CERTIFIES that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: November 5, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge